Filed 1/27/22  P. v. Orozco CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARCOS ANTONIO OROZCO,<br><br>    Defendant and Appellant. | 2d Crim. No. B311494<br>(Super. Ct. No. TA139085)<br>(Los Angeles County) |

Appellant Marcos Antonio Orozco was the "wheel man" in a gang related robbery of a liquor store in 2015.  He was charged with murder and, pursuant to a negotiated settlement, pleaded no contest to voluntary manslaughter.  In 2019, he filed a petition for resentencing under Penal Code[1] section 1170.95.  The trial court summarily denied the petition finding section 1170.95, by its express terms, only applied to individuals convicted of murder. Section 1170.95 was subsequently amended. Effective January 1, 2022 it applied to individuals, like appellant, who were convicted

---

[1] All statutory references are to the Penal Code.

of voluntary manslaughter. Accordingly, we shall reverse the trial court's order denying appellant's petition and remand the matter for further proceedings in accordance with section 1170.95 as amended.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Appellant pleaded no contest prior to a preliminary hearing. The relevant facts, therefore, are derived from the probation report. On November 16, 2015, appellant's codefendants Raul Hidalgo and Luis Gomez entered a liquor store, grabbed several items, and attempted to leave through the rear exit. One of them was detained by a store employee. Employees Brian Jaime and Alfredo Alvarado followed the other man out of the store until he reached a vehicle driven by appellant. When someone in the vehicle pointed a gun at Jaime and Alvarado, they retreated and returned to the store. The detained accomplice told them "[y]ou'll regret this, this is 18 Street, this is our hood and you'll regret this. You don't know who you're fucking with." He was tragically prophetic.

The vehicle driven by appellant began circling the store. An unidentified individual got out of the vehicle, entered the store, and repeatedly shot Jaime and Alvarado. Alvarado was killed and Jaime was seriously injured. The shooter and detained accomplice fled in the vehicle driven by appellant.

Appellant was charged with murder (§ 187, subd. (a)), attempted murder (§§ 187, subd. (a), 664) robbery (§ 211), assault with a semiautomatic firearm (§ 245, subd. (b)), dissuading a witness by force or threat (§ 136.1, subd. (c)(1)), and voluntary manslaughter (§ 192, subd. (a)), with gang and firearm use allegations. In June 2018, appellant pleaded no contest to voluntary manslaughter and admitted the crime was committed

2

for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C). The remaining charges and enhancements were dismissed. Pursuant to a negotiated disposition, the trial court sentenced appellant to 21 years in state prison, consisting of the upper term of 11 years for manslaughter plus 10 years for the gang enhancement allegation.

In March 2019, appellant filed a petition for resentencing under section 1170.95. The prosecution opposed the petition urging that section 1170.95 did not provide relief to individuals convicted of voluntary manslaughter rather than murder. In March 2021, the trial court denied appellant's petition on the ground that section 1170.95 did not apply to voluntary manslaughter.

## DISCUSSION

In March 2021, when the trial court denied appellant's section 1170.95 petition, the law was clear that relief under that section was not available to those convicted of voluntary manslaughter, even if they had been charged with murder but pleaded guilty to manslaughter. (See, e.g., *People v. Paige* (2020) 51 Cal.App.5th 194, 201-204; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887.) In October 2021, after briefing in this appeal was completed, the Governor approved Senate Bill No. 775 (2021-2022 Reg. Sess.) (SB 775). (Stats. 2021, ch. 551, § 2.)

This legislation went into effect on January 1, 2022 and permitted certain persons convicted of manslaughter or attempted murder to seek relief. Specifically, SB 775 amended section 1170.95 to read, in pertinent part: "A person convicted of . . . manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's . . . manslaughter conviction vacated and to be resentenced on any

3

remaining counts." It is undisputed that this amendment applies retroactively to this case.

We provided the parties with an opportunity to submit supplemental letter briefs on the effect of this amendment. Appellant contends, and the People agree, that the matter must be remanded for the trial court to appoint counsel for appellant and conduct further proceedings as provided in section 1170.95. We express no opinion on whether appellant is ultimately entitled to relief under the statute.

## DISPOSITION

The order denying appellant's petition for resentencing is reversed and the matter is remanded with directions to comply with section 1170.95 as amended.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

YEGAN, A.P.J.

TANGEMAN, J.

4

Laura R. Walton, Judge
Superior Court County of Los Angeles

_____

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee, and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.